**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Leonard May II<br>& Vanessa L. Preble<br><br>    Debtors | Chapter 12<br>Case No. 15-10341 |

## ORDER ON CHAPTER 12 TRUSTEE'S MOTION TO DISMISS

The chapter 12 trustee has moved the Court for an order dismissing this chapter 12 case. [Dkt. No. 66] ("the Motion"). The Court conducted a hearing on the Motion on November 3, 2016. [Dkt. No. 75.] The chapter 12 trustee; the Debtors; the State of Maine Department of Health and Human Services ("DHHS"); and Machias Savings Bank, the holder of one or more claims in this case, participated in the hearing. [Dkt. No. 74.]

The Court may dismiss a chapter 12 case on request of a party in interest after notice and a hearing. 11 U.S.C. § 1208(c). Dismissal requires a finding of "cause" and section 1208(c) enumerates a list of facts and circumstances that amount to cause for dismissal. A chapter 12 debtor's failure to pay domestic support obligations that first become due after the petition date is cause for dismissal under 11 U.S.C. § 1208(c)(10).

Ms. Preble owes domestic support obligations to Wendall Brasier that have first become due after the petition date in this case, May 26, 2015. DHHS alleges that the amount of those obligations was $4,090.00 as of October 21, 2016. At the hearing, Ms. Preble did not dispute this contention. She argued instead that she should be permitted to offset against her post-petition domestic support obligations in this chapter 12 case domestic support owed to her by Wendall Brasier. The Court rejects that argument for two reasons.

First, there is nothing in the Bankruptcy Code that suggests that this type of offset is permissible.  Instead, the Bankruptcy Code contains a clear directive to chapter 12 debtors to pay post-petition domestic support obligations as they become due.  *See* 11 U.S.C. § 1208(c)(10); *see also* 11 U.S.C. §§ 1225(a)(7) (requiring, as a condition to confirmation of a chapter 12 plan, that the debtor "has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation"); 1225(b)(2)(defining "disposable income" to exclude amounts reasonably necessary for the payment of post-petition domestic support obligations).  Second, Ms. Preble's domestic support obligations were fixed by an order of a state court.  Ms. Preble's setoff argument could have, and should have, been raised in that court.   This is not the proper forum for fixing the parties' relative rights and responsibilities with respect to their minor children.

This case is hereby dismissed under 11 U.S.C. § 1208(c), effective November 4, 2016.

Dated:  November 4, 2016

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

- 2 -